```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
                         GREENVILLE DIVISION
```

Helen J. Cummings,                   )
                                     )   C.A. No. 6:08-2236-HMH-BHH
                 Plaintiff,          )
                                     )      **OPINION & ORDER**
         vs.                         )
                                     )
Bank of America, N.A.[1],            )
                                     )
                 Defendant.          )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[2] Helen J. Cummings ("Cummings") alleges that Defendant Bank of America, N.A. ("BOA") retaliated against her for requesting a reasonable accommodation in violation of her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. BOA filed a motion for summary judgment on

---

[1] On March 20, 2009, Plaintiff filed a stipulation of dismissal of her second cause of action for civil conspiracy against Defendants Bank of America, N.A., Michael P. Cote, Josie M. Stewart and Leah Elizabeth Bolan. As a result of the dismissal, Bank of America, N.A. is the only remaining defendant. See (Stipulation of Dismissal 1.); (Pl. Mem. Opp'n Summ. J. 1.).

[2] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1)(2006).

1

April 6, 2009. Magistrate Judge Hendricks recommends granting BOA's motion for summary judgment. After review, the court adopts the magistrate judge's Report and Recommendation, grants BOA's motion for summary judgment, and dismisses Cummings' claim with prejudice.

## I. Factual and Procedural History

Cummings filed suit against BOA on June 16, 2008, alleging "unlawful retaliation for seeking reasonable accommodations in violation of the [ADA]." (Pl. Mem. Opp'n Summ. J. 1.) Cummings was an employee of BOA from June 1976 until her termination on December 5, 2005. (Id. at 2.) At the time of her termination, Cummings worked as the assistant banking center manager for the BOA branch located in Mauldin, South Carolina ("the Mauldin branch").

In early 2005, T. L. Stewart ("T. Stewart"), a BOA consumer sales manager, discussed the possibility of transferring Cummings to the Pleasantburg BOA branch located in Greenville, South Carolina ("the Pleasantburg branch") due to the "need for a stronger operational manager in the Pleasantburg Banking Center." (Def. Mem. Supp. Summ. J. 4.); (Pl. Mem. Opp'n Summ. J. 2-3.) Josie Stewart ("J. Stewart"), the Mauldin branch's banking center manager, also informed Cummings that BOA wanted to transfer her to the Pleasantburg branch. Cummings alleges that she informed T. Stewart and J. Stewart that she suffered from panic attacks and could not drive to the area where the Pleasantburg branch is located. (Def. Mot. Summ. J. Attach. 2 (Cummings Dep. 30).) Cummings also informed T. Stewart and J. Stewart that "if she was transferred, she would have to get a family member to drive her to work every day." (Pl. Mem. Opp'n Summ. J. 3.) Cummings was not transferred to the Pleasantburg branch.

From October 2005 through December 2005, Cummings received two customer complaints from Leah Bolan ("Bolan") and one customer complaint from Terry Boggs

("Boggs"). (Def. Mem. Supp. Summ. J. 7-12.) Cummings received a written warning from J. Stewart as a result of the first two complaints. (Id. at 12-13.) After the written warning, Cummings made improper contact with Bolan. BOA, thereafter, terminated Cummings' employment on December 5, 2005, because of the customer complaints and Cummings' inappropriate contact with Bolan. (Id. at 14.) Cummings alleges, however, that the termination was in retaliation of her refusal to transfer to the Pleasantburg branch in early 2005.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its

response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Objections to the Report and Recommendation

Cummings filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Cummings submits one specific objection to the Report and Recommendation. Cummings alleges that the magistrate judge erred in finding that she did not present evidence of pretext. (Objections, generally.) The magistrate judge concluded that Cummings "failed to bring forward any evidence from which a reasonable jury could conclude that the reasons for her termination . . . were pretextual." (Report and Recommendation 16.) Cummings argues that she "presented more than sufficient evidence of pretext." (Objections 2.)

"[T]o establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) her employer acted adversely against her; and (3) her protected activity was causally connected to her employer's adverse action." Rhoads v. F.D.I.C., 257 F.3d 373, 392 (4th Cir. 2001). "The employer then has the burden 'to rebut the presumption of retaliation by articulating a legitimate nonretaliatory reason [("LNR")] for its actions.'" Id. After an employer articulates an LNR for terminating an employee, the burden shifts to the

employee to show that the employer's LNR is a pretext for retaliation. Id. "The plaintiff always bears the ultimate burden of persuading the trier of fact that she was the victim of retaliation." Id. BOA alleges that it terminated Cummings for "improper interactions with . . . Bolan." (Def. Mem. Supp. Summ. J. 14.) Bolan submitted an online complaint based on an interaction that occurred on October 7, 2005, with Cummings and another teller ("the October incident"). According to Bolan, Cummings' "demeanor . . . was rude." (Id. Attach. 8 (Bolan Dep. 57).) Cummings received a written reprimand on November 16, 2005, and learned that Bolan was the customer who submitted the complaint.

According to Bolan, following her initial complaint, she visited the Mauldin branch and was approached by Cummings. Cummings asked Bolan if she would step into her office so that they could talk. (Id. Attach. 8 (Bolan Dep. 72).) Cummings then "asked [her] if [she] would be willing to retract [her] statement." (Id.) Cummings asked her if she enjoyed her work and told Bolan that she knew one of her superiors at her job, which Bolan perceived as a veiled threat. (Id. Attach. 8 (Bolan Dep. 76).) Following the encounter, Cummings telephoned Bolan at her place of employment inquiring whether Bolan had formally retracted her initial complaint. (Id. Attach. 8 (Bolan Dep. 90).) Bolan submitted a verbal complaint to BOA about both encounters with Cummings. Cummings alleges, however, that she contacted Bolan at work to follow up with Bolan because she had agreed to retract her initial complaint.

BOA alleges that following Bolan's second complaint, J. Stewart and Pam Leneave ("Leneave"), the consumer market manager for the Mauldin branch, contacted BOA's "Advice and Counsel line" and was instructed that BOA "should terminate [Cummings'] employment based on [Bolan's] complaints." (Def. Mem. Supp. Summ. J. 13.) Cummings "went against

5

bank policy, she confronted a customer about a complaint . . . [and] [s]he contacted the customer on the customer's job." (Id.) Accordingly, BOA presented the court with an LNR for its decision to terminate Cummings.

Cummings alleges that until she requested a "reasonable accommodation under the ADA, she enjoyed an exemplary career with" BOA. (Pl. Mem. Opp'n Summ. J. 13.) According to Cummings, the fact that she was the only employee to receive a written reprimand as a result of the October incident proves that BOA was retaliating against her for her refusal to transfer in early 2005. Cummings also asserts that J. Stewart "never conducted any investigation into the allegations" relating to the October incident. (Id. at 16.) Cummings submits that her version of the facts supports a finding of pretext. Cummings states that she spoke with Bolan in her office to apologize and Bolan then offered to write a retraction letter. "After not receiving the retraction letter, [Cummings] contacted Bolan to inquire about the letter." (Id.) Lastly, Cummings alleges that BOA was aware that she had contacted the EEOC because she informed J. Stewart that she met with the EEOC on November 18, 2005.

The court finds that Cummings has failed to establish that BOA's LNR for terminating Cummings is pretextual. Cummings worked in a managerial position at the Mauldin branch. It is undisputed that Bolan, a customer of the Mauldin branch, filed an online complaint against Cummings. (Pl. Mem. Opp'n Summ. J. 4.) Cummings received a written warning because of two customer complaints, one from Bolan and one from Boggs. (Id. at 15-16.) Cummings admits that she later spoke with Bolan in her office and mentioned that she knew Bolan's superiors at her place of employment. (Def. Mot. Summ. J. Attach. 2 (Cummings Dep. 89).) There was also some discussion between Cummings and Bolan about Bolan writing a retraction

6

letter. (Pl. Mem. Opp'n Summ. J. 5.) Cummings does not contest that she later called Bolan to inquire about a retraction letter. (Id.) Additionally, Cummings admits that it was inappropriate for her to contact Bolan at her job to inquire about a retraction letter. (Def. Mot. Summ. J. Attach. 2 (Cummings Dep. 95).) Following the interactions with Cummings, Bolan submitted a second complaint against Cummings. (Pl. Mem. Opp'n Summ. J. 5.) As a result of Cummings' collective inappropriate interactions with Bolan, a representative of BOA's Advice and Counsel line, Leneave, and J. Stewart jointly decided that termination was the most appropriate solution. (Def. Mem. Supp. Summ. J. 13-14.)

"[T]he burden to demonstrate pretext merge[s] with the ultimate burden of persuading the court that [Cummings] has been the victim of intentional discrimination." Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007) (internal quotation marks omitted). "Once the question comes down to pretext, a plaintiff must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id. (internal quotation marks omitted). "A plaintiff could accomplish this goal 'by showing that the employer's proffered explanation is unworthy of credence.'" Id.

> Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it. The former would not create a 'genuine' dispute, the latter would fail to be 'material.'

Id. at 216 (quoting Hux v. City of Newport News, 451 F.3d 311, 315 (4th Cir. 2006)). Cummings does not dispute that complaints were filed against her or that her behavior was inappropriate. Additionally, Cummings does not allege that her supervisors acted outside of standard protocol in

reprimanding her. Likewise, Cummings has "presented no evidence of discriminatory animus on the part of those who made the decision to terminate." Horne v. Reznick Fedder & Silverman, No. 05-1025, 2005 WL 3076921, at *2 (4th Cir. Nov. 17, 2005) (unpublished). The decision to terminate Cummings' employment was jointly made by an impartial representative of BOA's Advice and Counsel line, Leneave, and J. Stewart. (Def. Mem. Opp'n Summ. J. 13.) Accordingly, the court finds that Cummings has failed to present any evidence sufficient to raise any genuine issues of material fact that BOA's reasons for termination are pretextual. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation and grants BOA's motion for summary judgment.

Therefore, it is

**ORDERED** that the BOA's motion for summary judgment, docket number 68, is granted, and all claims are dismissed with prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 27, 2010